# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DANIEL OGDEN KERBER,

        Defendant-Appellant.

UNPUBLISHED
April 27, 2017

No. 334516
Wayne Circuit Court
LC No. 16-001781-01-FH

Before: MURPHY, P.J., and MURRAY and M. J. KELLY, JJ.

PER CURIAM.

In this interlocutory criminal appeal, defendant appeals by leave granted[1] an order denying his motion to quash the bindover on the charge of false pretenses (property valued at $100,000 or more), MCL 750.218(7)(a), as well as an order granting the prosecutor's motion to amend the information to reinstate the charge of larceny by conversion (property valued at $20,000 or more), MCL 750.362; MCL 750.356(2)(a). We reverse the circuit court's ruling and remand the case to the circuit court for dismissal of the charges in light of the prosecution's appellate concessions.

Pursuant to a provision in a 2009 severance agreement between defendant and the Wayne County Airport Authority, defendant was given the option to transfer his defined contribution assets, which were in a particular hybrid retirement plan – Plan 5 – that contained both a defined contribution component and a defined benefit component, to a straight defined benefit retirement plan – Plan 1. Defendant elected Plan 1 in 2009 and began receiving monthly defined benefit payments (hereafter "pension" payments); however, he did not transfer the defined contribution assets from Plan 5 and actually withdrew those funds for his own use in 2011, while continuing to receive the same monthly pension payments. The prosecution construed the severance agreement as requiring defendant to release, surrender, or transfer the defined contribution assets in Plan 5 should he decide to elect, as defendant did, the Plan 1 pension option. Defendant, on the other hand, interpreted the severance agreement as allowing him to retain and withdraw the

---

[1] *People v Kerber*, unpublished order of the Court of Appeals, entered October 19, 2016 (Docket No. 334516).

defined contribution assets at his discretion. It does appear undisputed that defendant's monthly pension payments were significantly greater under Plan 1.

The prosecution charged defendant with the crimes of false pretenses and larceny by conversion, operating under the theory that he committed the offenses by withdrawing and converting for his own use the defined contribution assets. The charges were analyzed by both the district court and the circuit court under this theory, which focused on the defined contribution assets as being the stolen property. The prosecution did not proffer a theory that the *monthly pension payments* served as the money or property that defendant was illegally obtaining by employment of false pretenses or through larcenous conversion. The district court dismissed the charge of larceny by conversion, but it bound defendant over on the charge of false pretenses. The circuit court denied defendant's motion to quash the charge of false pretenses, and it agreed with the prosecutor that the charge of larceny by conversion should be reinstated. Again, this Court granted defendant's application for leave to appeal. In its brief on appeal, the prosecution has taken a whole new approach, opening its brief with the following passage:

> The People concede one point up front: defendant is correct that he cannot steal what is already his, and so cannot be convicted of theft regarding the *defined contribution* funds that were in his own account. As such, although defendant still committed larceny by stealing the County's *defined benefit* [pension] payments, the People's theory advanced below is not viable in light of the fact that the defined contribution funds that defendant withdrew from the Prudential account belonged to him, not the Wayne County Employees Retirement System. Nevertheless, it is still proper to have bound defendant over for trial on felony theft charges; it's just that the information must be amended pursuant to MCR 6.112(H) to remove false pretenses and add larceny over $20,000 to the already charged larceny by conversion. [Emphasis in original.]

The prosecution proceeds to argue that the evidence presented below supports the two larceny charges under its new theory. The prosecution is essentially asking this Court to make a decision regarding amendment of the information and then to sit as the district court and make a preliminary-exam bindover ruling on charges, which, in effect, are entirely brand new, and which were never entertained below by either the district or circuit court. The prosecution has effectively conceded that the charge of false pretenses is not viable, so we order that the charge be dismissed on remand.[2] The prosecution argues that the charge of larceny by conversion can remain intact and go forward, but that charge was pursued on the basis that defendant unlawfully converted the defined contribution assets, not the pension payments. Again, the lower courts never examined that larceny charge as now framed by the prosecutor. The prosecution has conceded that the charge of larceny by conversion is not viable in the context of a purported theft of the defined contribution assets. Therefore, we hold that the charge of larceny by conversion,

---

[2] We make this ruling solely on the basis of the prosecutor's concession, and we take no position on the substantive question regarding whether the facts actually supported a charge of false pretenses relative to the defined contribution assets.

as brought by the prosecution, must also be dismissed. The prosecution is free to recharge defendant under whatever new or different charges or theories it may wish to pursue, subject to any valid defenses raised by defendant.

      Reversed and remanded to the circuit court for dismissal of the charges. We do not retain jurisdiction.

                    /s/ William B. Murphy
                    /s/ Christopher M. Murray
                    /s/ Michael J. Kelly